UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRENDA KAY BROWN | ) | CHAPTER 7 |
| | ) | |
| Debtor | ) | CASE NO. 12-70013 |
| | ) | |
| JAMES WESTENHOEFER, | ) | |
| CHAPTER 7 TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | A.P. NO. 13-7009 |
| | ) | |
| ERIK D. BOLOG; | ) | |
| THE BOLOG FIRM | ) | |
| | ) | |
| Defendants | ) | |

## MOTION TO COMPEL

\* \* \* \* \*

Come now the Defendants, Erik D. Bolog and The Bolog Firm ("Defendants"), by counsel, and hereby file their Motion to Compel (the "Motion") James Westenhoefer, Chapter 7 Trustee (the "Trustee"), to appear for a duly noticed deposition. As grounds therefore, Defendants respectfully shows the Court as follows:

1. The Trustee commenced this action against Defendants on March 21, 2013.

2. Defendants filed their answer in this action on May 29, 2013.

3. In accordance with this Court's scheduling order, discovery was to be completed on or before July 13, 2013.

4. On June 10, 2013 Defendants' counsel sent correspondence to the Trustee inquiring as to his availability for a deposition the week of July 15 or July 22.

5. On June 12, 2013, the Trustee responded and indicated that he would get the "info" to Defendants the following week.

6. Subsequently on June 26, 2013, after no further correspondence was received from the Trustee, Defendants' counsel inquired again as to available dates.

7. At that point, the Trustee responded in a manner that indicated he would not be providing available dates in the foreseeable future.

8. As a result, Defendants had no choice but to notice the Trustee's deposition for a date they selected, August 5, 2013.

9. On July 9, 2013, Defendants filed with this Court its Notice of Deposition. See a true and correct copy of the Notice of Deposition attached hereto as Exhibit "A."

10. Subsequently, Defendants received a letter from Mr. J.D. Kermode dated July 18, 2013 purporting to represent the Trustee in this action. Therein, he indicated that the Trustee would not be appearing for any deposition until Defendants complied with a document production within seven (7) days which, in addition to being an improper and informal request, arguably infringed upon the attorney-client privilege. See a true and correct copy of the letter attached hereto as Exhibit "B."

11. Defendants responded on July 26, 2013 indicating that they did not agree with the Trustee's position but in any event would like alternate dates in August for the Trustee to be made available for a deposition in an effort to accommodate the Trustee's schedule. A true and correct copy of the letter is attached hereto as Exhibit "C."

12. Again, Defendants received no response other than a telephone call the week of July 29th from John Simms indicating that the Trustee would not be at the deposition on August 5, 2013.

13. On August 5, 2013, Defendants asked the Trustee and his potential counsel whether he could appear for a deposition on September 13, 2013.

14. On August 6, 2013, Trustee's potential counsel responded that he would check on the date and let us know.

15. After receiving no response, on August 14, 2013, Defendants' counsel again inquired as to whether the date of September 13, 2013 would work.

16. In response to the email, Mr. Simms contacted Defendants' counsel by phone indicating that he did not know if the Trustee would agree to appear before obtaining documents, which had never been, nor have been as of the date this motion, formally requested. During the telephone conversation, Mr. Simms indicated that he would respond by August 15, 2013 as to the Trustee's appearance at a September 13, 2013 deposition.

17. As of the date of this motion, Defendants' counsel has received no further response from the Trustee or Trustee's potential counsel regarding deposition dates.

18. Defendants have tried repeatedly since June 10, 2013 to obtain a mutually agreeable date and time for the Trustee's deposition. Plaintiff and his potential counsel have repeatedly put the Defendants off, made informal demands, or simply not responded to the requests. As a result, Defendants have no choice but to ask this Court to compel the Trustee to attend his deposition at a mutually agreeable time and place.

In accordance with FRCP 37, applicable here pursuant to Bankruptcy Rule 7037, Defendants state that they have attempted in good faith to confer with the Trustee and his potential counsel to come up with a mutually agreeable date and time for the Trustee's deposition. The Defendants have been attempting to schedule his deposition since the beginning of June 2013 to no avail.

Wherefore based upon the above and foregoing, Defendants request that this Court enter an order compelling the Trustee to attend his deposition.

                                      Respectfully submitted,

                                      /s/ Charity B. Neukomm
                                      DAVID M. CANTOR
                                      CHARITY B. NEUKOMM
                                      SEILLER WATERMAN  LLC
                                      Meidinger Tower - 22nd Floor
                                      462 South Fourth Street
                                      Louisville, Kentucky  40202-3445
                                      Telephone: (502) 584-7400
                                      Facsimile: (502) 583-2100
                                      E-mail: cantor@derbycitylaw.com
                                      *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on  August 22, 2013, a true and correct copy of the foregoing was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee, and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

                                      /s/ Charity B. Neukomm
                                      CHARITY B. NEUKOMM

g:\doc\dmc\lawyers\bolog\motion to compel.docx